IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS - AUSTIN DIVISION

| | | |
|---|---|---|
| MARCY RENNEBERG, ALINE RENNEBERG, WANDA WEBB, and LELAND WEBB, *Plaintiffs*, v. PINE ARBOR and SAN GABRIEL REHABILITATION AND CARE CENTER SOUTH *Defendants*. | § § § § § § § § § § § § § | 1:21-cv-142 |

**PLAINTIFFS' RESPONSE AND OBJECTION TO
PINE ARBOR'S MOTION TO DISMISS ALL CLAIMS AGAINST IT
PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**

COME NOW Plaintiffs in the instant case to file their response and objection to *Defendant Pine Arbor's Motion to Dismiss All Claims Against It Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)* [ECF. 20].

**SUMMARIZING,** Defendant Pine Arbor ("Pine Arbor") moves for dismissal of Plaintiff's claims against it, but it should not prevail. The claims against Defendant Pine Arbor are not moot, Plaintiff has standing because he has a personalized grievance and is not looking only for "forward-looking relief" as Defendant claims, and the defense raised based on new law is not applicable in this case and even if it is, this motion is not the proper tool to assert such a defense.

**TABLE OF CONTENTS**

**LEGAL STANDARD** ...................................................................................................4

    A.  Rule 12(b)(1) -- Lack of Subject Matter Jurisdiction          4
    B.  Rule 8(a) – Lack of Statement Showing Entitlement to Relief          6
    C.  Rule 12(b)(6) – Failure to Assert Facts Giving Rise to Liability          7

**PLAINTIFFS' CLAIMS** ...............................................................................................9

    A.  Mootness          9
    B.  Claim 1 -- Violations of Tex. Human Res. Code § 102.003(g)          10
    C.  Claim 2 -- Violation of Americans with Disabilities Act          11
    D.  Claim 3 -- Defendants violated Tex. Human Resources Code & Centers for Medicare and Medicaid Services Regulations.          12
    E.  Claim 4 -- Breach of Contract & Mental Anguish          12
    F.  Claim 5 -- Right of Visitation          14
    G.  Claim 6 -- Intentional Infliction of Emotional Distress          15
    H.  Defense Based on Tex. Civ. Prac. & Rem. Code § 74.155 (SB 6)          16

**INCORPORATION OF MOTION FOR LEAVE** ..............................................................17

**PRAYER** .................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................ 9
*Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) .................................. 7
*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ........................................................................ 9
*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) .................................................................... 8
*Epos Tech. Ltd. v. Pegasus Techs. Ltd.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) ............................ 8
*Kehr Packages v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991) ........................................ 15
*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130 (1992) ................................................. 5
*Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009) ........................................................... 9
*Motsenbocker v. Potts,* 863 S.W.2d 126, 132 (Tex. App. 1993) ................................................ 17
*Raj v. La. State Univ.*, 714 F.3d 322 (5th Cir. 2013) .................................................................... 5
*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) .............................................................. 7
*Texas v. United States*, 523 U. S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998) ............ 11
*Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) ................................................................ 8
*Waites v. Sondock,* 561 S.W.2d 772, 774 (Tex. 1977) ............................................................... 14

**Statutes**

Americans with Disabilities Act ...................................................................................... 12, 13, 18
Tex. Admin. Code § 19.401 .......................................................................................................... 15
Tex. Civ. Prac. & Rem. Code § 74.15 ........................................................................................... 17
Tex. Civ. Prac. & Rem. Code § 74.351 ......................................................................................... 18
Tex. Civ. Prac. & Rem. Code § 74.155(f) ..................................................................................... 17
Tex. Civ. Prac. & Rem. Code § 74.155(g)(1) ................................................................................ 18
Tex. Human Res. Code § 102.003(g) ............................................................................................ 11
Tex. Human Resources Code ........................................................................................................ 13

**Other Authorities**

15 Moore's Federal Practice - Civil § 101.94 (2021) .................................................................. 10
20 Dorsaneo, Texas Litigation Guide § 337.03 (2021) ................................................................ 16

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................................... 14
Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 5, 7
Fed. R. Civ. P. 12(b)(6) ........................................................................................................... passim
Fed. R. Civ. P. 8(a) ..................................................................................................................... 7, 8
Fed. R. Civ. P. 8(d)(1) ..................................................................................................................... 7

## LEGAL STANDARD

### A. Rule 12(b)(1) -- Lack of Subject Matter Jurisdiction

1. To challenge a plaintiff's standing to bring the suit, the defendant may argue that the plaintiff does not have standing to complain of the alleged acts and to seek the requested relief.

2. The challenge to standing is a challenge to the court's subject matter jurisdiction and is either a facial or factual attack. Facial attacks challenge the sufficiency of the allegations of jurisdiction whereas a factual attack denies the allegations.

3. When the subject matter jurisdiction is challenged by a Defendant under Fed. R. Civ. P. 12(b)(1) for lack of standing, the Plaintiff has the burden to establish jurisdiction by a preponderance of the evidence. *Raj v. La. State Univ.*, 714 F.3d 322 (5th Cir. 2013).

4. Standing is satisfied when there is (1) an injury in fact, (2) causation, and (3) redressability. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 112 S. Ct. 2130 (1992)

5. Defendant Pine Arbor has asserted that this Court lacks subject matter jurisdiction over this controversy because of the relief sought "in virtually every claim is declaratory or injunctive relief" which is forward-looking relief and Plaintiff Leland Webb no longer resides at Defendant Pine Arbor's nursing facility. It is essentially attacking the third prong of the standing test — redressability.

6. Defendant Pine Arbor's argument fails in two ways: first, Defendant Pine Arbor failed to acknowledge that when Defendant filed its First Amended Complaint with this Court, it removed any claims for injunctive relief. Thus, any requests for "forward-looking relief" are no longer sought by Plaintiff Leland Webb against Pine Arbor.

7. Second, Defendant Pine Arbor notes that "virtually every claim" sought forward-looking relief. This assertion completely disregards Plaintiff's claims for breach of contract and mental anguish, failure to abide by the Americans with Disabilities Act, and intentional infliction of emotional distress. A declaration that Defendant Pine Arbor has breached its contract and violated the laws by which it is bound is prerequisite to the damages sought against it. These are not forward-looking reliefs, but clearly injuries in fact, caused by Defendant, and redressable by this Court.

8. Defendant Pine Arbor also claims that Plaintiff Leland Webb lacks standing because he has asserted a generalized grievance. This is an attack on the first prong of the standing test: injury-in-fact.

9. Defendant Pine Arbor's argument fails. It relies on a statement in the Plaintiff's complaint stating that Plaintiff "represents the situation of thousands of nursing home residents and their family members." In asserting this fact, Plaintiff is not discounting the injuries he has personally suffered.  He is merely pointing

out that he is not alone in suffering these injuries. Plaintiff asserted in his Complaint facts to show his injuries including becoming "very nervous, fearful, and hopeless" resulting in a significant decline in Plaintiff's health and well-being. He also suffered by not being provided the rights of equal access to services guaranteed to him by the Americans with Disabilities Act. Furthermore, his breach of contract claim is based on a personal contract between himself and Defendant Pine Arbor, which was breached. All of these are personal injuries-in-fact suffered personally by Plaintiff Leland Webb and redressable by this Court. Plaintiff has standing and this court has subject-matter jurisdiction over this case. Defendants motion for dismissal under Fed. R. Civ. P. 12(b)(1) should not be granted.

### B. Rule 8(a) – Lack of Statement Showing Entitlement to Relief

10. Fed. R. Civ. P. 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); accord *Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech. Ltd. v. Pegasus Techs. Ltd.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009)(citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

11. Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' not where a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted).

  C. **Rule 12(b)(6) – Failure to Assert Facts Giving Rise to Liability**

12. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is viewed with disfavor and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of a defendant. Each claim in a complaint include "a short, plain statement . . . showing that the pleader is entitled to relief." Rule 8(a)(2). The claims must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

13.     In considering a motion to dismiss pursuant to Rule 12(b)(6) the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

14.     In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion to dismiss. First, the Court should identify and disregard conclusory allegations for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id*. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert,* 335 F. App'x 466, 470 (5th Cir. 2009). The evaluation is a context-specific task requiring the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

15.     Plaintiff need only provide sufficient facts to give Defendants fair notice of what Plaintiff has pleaded and sufficient facts in their complaint to uphold this standard of plausibility to suggest an entitlement to relief. Plaintiff has done so and thus the case should not be dismissed.

## PLAINTIFFS' CLAIMS

16. Plaintiffs have dismissed claims 1-5 against the Governor and Texas HHSC, and herein defend their remaining claims, renumbered to match their Second Amended Complaint, filed concurrently.

### A. Mootness

17. Defendant Pine Arbor asserts that all claims against it are moot because Plaintiff Leland Webb is no longer a resident of the nursing facility.

18. "Under the mootness doctrine, the requisite personal interest that must exist in the outcome of the litigation at the time the action is commenced must continue throughout the pendency of the action. This aspect of the mootness doctrine is related to the concept of standing, in the sense that it requires that a plaintiff have continued standing throughout the duration of the action." 15 Moore's Federal Practice - Civil § 101.94 (2021).

19. Plaintiff has a requisite interest in the outcome of the litigation. He was not only seeking declaratory and injunctive relief at the time the suit was filed, but also damages for grievances and violations suffered by Plaintiff at the hands of the Defendant. Though the need for injunctive relief has receded, the damages he suffered while living at Pine Arbor were real, substantial, and personal and did not cease to exist once he moved out. *Texas v. United States*, 523 U. S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998). Defendant breached the contract and

inflicted mental anguish upon the Plaintiff and cannot now claim that the breach and resulting damages were resolved by Plaintiff moving out of the nursing home.

20.  The violations of contractual terms, visitations rights, and Americans with Disabilities Act remain viable justiciable controversies because they personally involved Plaintiff Webb and caused actual harm for which he is due a remedy.

21.  Defendant Pine Arbor also claims that the government mandates under which it functioned during Plaintiff's residence at its nursing facility have since been repealed or amended. This argument holds no merit. Plaintiff's claims are based on a federal law, the Americans with Disabilities Act, a personal contract with Defendant Pine Arbor, and the intentional infliction of emotional distress by Defendant.

22.  The Court should not dismiss the case for mootness.

### B.   Claim 1 -- Violations of Tex. Human Res. Code § 102.003(g)

23.  Again, Defendant did not assert that Plaintiff failed to state a claim specific to the protection afforded him by the Texas Human Resources Code and CMS Regulations against abuse and neglect.

24.  Defendant asserts that it is absolved of all liability because it "obeyed the Governor's orders and HHSC regulations." However, this issue involves more arguments than just accepting Defendant's claimed absolution.

25.  In this case, Defendant Pine Arbor involuntarily secluded Plaintiff Leland

Webb from others, specifically his loved ones, against his will and the will of his legal representative. The seclusion of Plaintiff resulted in real injury in the form of agitation and a decline in his health and well-being.

26. Defendant Nursing Home violated this fundamental and important right of Plaintiff who faced barriers to using alternate forms of communication and who was essentially imprisoned in his last days in a nursing facility without the ability to see his loved ones.

27. Defendant did not assert facts which show that it was incapable of finding a secure way for an essential visit by Plaintiff's spouse and caregiver to attend him even under the orders in place at the time. This is a fact question for the Court and should not be resolved under a 12(b)(6) motion.

28. The Court should not dismiss Plaintiff's claim that Defendant violated his rights, which led to his decline.

   C.   **Claim 2 -- Violation of Americans with Disabilities Act**

29. Defendant does not assert that Plaintiff failed to state facts that when taken as true plead a claim for damages against it for violating the Americans with Disabilities Act. It merely asserts the mootness and standing arguments generally.

30. However, Plaintiff stated a claim by presenting the requirements of an ADA claim, including that he was treated differently than other similarly situated individuals in his position because he suffered from mobility and hearing

disabilities. (See *First Amended Petition*, para. 95-97.) No accommodations were made for him to have contact with his loved ones that took his mobility and hearing loss into account. The Defendant's motion doesn't address this claim specifically.

31. The damages he suffered from the disparate treatment based on his disability remain. Therefore, this court should take Plaintiffs ADA violation claim as true and sufficient and allow it to remain in the suit.

> **D.  Claim 3 -- Defendants violated Tex. Human Resources Code & Centers for Medicare and Medicaid Services Regulations.**

32. Defendant has not addressed this matter specifically, but for the same reasons described above for Claim 1, Claim 3 should survive the Defendant's challenge.

> **E.  Claim 4 -- Breach of Contract & Mental Anguish**

33. Defendant asserts out of hand that Plaintiff cannot establish a breach of contract and states an affirmative defense that "any contractual term that would have required Pine Arbor to violate an executive order or HHS regulation would be void under Texas law" and by claiming "any damages [that] occurred...were the result of Plaintiffs' own decisions and actions." This inquiry requires the Court to examine the facts, evidence, and case law surrounding the controversy.

34. For instance, one question of law in this case is whether the emergency orders in place unconstitutionally "arbitrarily withdraw all legal remedies from one

having a cause of action well established and well defined in the common law." *Waites v. Sondock,* 561 S.W.2d 772, 774 (Tex. 1977)

35. As noted above in the discussion of Rule 12(b)(6), claims made by Plaintiff are accepted by the Court as true all well-pleaded facts contained in the plaintiff's complaint and viewed in the light most favorable to the plaintiff.

36. A motion to dismiss under Rule 12(b)(6) is a motion for dismissal of a case based on a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12. It is intended to only ask whether Plaintiff failed to state a claim.  Defendant does not assert in its brief explanation (see Defendant Motion to Dismiss Paragraph I.E.) that Plaintiff failed to state a claim. It merely asserts an affirmative defense of a void contract, which is a matter to be taken up by the court under a different procedure.

37. Plaintiff did in fact "state a claim upon which relief can be granted" by asserting necessary facts to show that a contract existed between Plaintiff and Defendant and that Defendant violated the terms of the contract by its actions. Similarly, the tort claim survives.

38. "[U]nder Rule 12(b)(6) the defendant has the burden of showing no claim has been stated." *Kehr Packages v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991). Defendant not only fails to do this, it does not even make the allegation in its brief.

    **F.**    **Claim 5 -- Right of Visitation**

39.    Again, Defendant did not assert that Plaintiff failed to state a claim specific to the right of visitation.

40.    Defendant asserts that it is absolved of all liability because it "obeyed the Governor's orders and HHSC regulations." However, this issue involves more arguments than just accepting Defendant's claimed defense.

41.    Plaintiff has asked the Court to declare that the Defendant was in violation of Tex. Admin. Code § 19.401 and responsible for the resulting damage to his health because he was deprived of visits with his wife, who made his health care decisions.

42.    Even assuming that Gov. Abbott's executive orders constitute new law enforceable as such, and assuming that Gov. Abbott's executive orders overrule the Texas Constitution[1], those new "laws" do not constitute enforceable policies. Under the typical regulatory scheme governing nursing homes, the Texas Legislature passes laws that change the Texas Health and Safety Code. After those laws are passed, the Department of Health and Human Services creates rules in accordance with the Texas Administrative Procedures Act.

43.    Thus, a nursing home cannot simply point to an executive order and claim it is bound by that. Laws are not governing policies. The executive order does not

---

[1] Art. 1, sec. 28 of the Texas Constitution states: "No power of suspending laws in this state shall be exercised by the legislature."

state that no health provider cannot visit or check up on a nursing home resident. The executive order does not prevent or invalidate every federal law protecting nursing home residents and invalidate the contracts that include reasonable opportunities to care for residents.

44. Those arguments ought to be heard and decided by this Court. A Rule 12(b)(6) motion for dismissal for failure to state a claim is not the appropriate forum to lay out the full case for the Court. The pleadings state facts sufficient to make a claim upon which relief can be granted, the Court should take those as true, and reject Defendant's motion to dismiss.

### G.   Claim 6 -- Intentional Infliction of Emotional Distress

45. Defendant's Motion attacks this claim, asserting that it is "fatally flawed." Plaintiffs assert that the claim is valid in light of the amended complaint.

46. The same actions that constitute a breach of contract may also support a cause of action for intentional infliction of emotional distress. 20 Dorsaneo, Texas Litigation Guide § 337.03 (2021).

47. The extreme and outrageous nature of the conduct "may arise from the actor's knowledge that the other is peculiarly susceptible to emotional distress, by reason of some physical or mental condition or peculiarity. *Motsenbocker v. Potts,* 863 S.W.2d 126, 132 (Tex. App. 1993).

48. In this instance, Defendant Pine Arbor was in a position as the nursing home

facility at which Plaintiff Leland Webb resided to know and understand his susceptibility to emotional distress given his physical and mental condition. Such facts were asserted in the Complaint and give rise to a cognizable claim by Plaintiff for intentional infliction of emotional distress.

49. This Court should not dismiss Plaintiff's claim for emotional distress.

### H. Defense Based on Tex. Civ. Prac. & Rem. Code § 74.155 (SB 6)

50. Defendant Pine Arbor asserts that all claims in this suit should be dismissed because of a newly enacted law which became effective on June 14, 2021.

51. A Rule 12(b)(6) motion to dismiss for failure to state a claim is not the proper avenue for asserting this defense. It does not properly fall under any of the defenses allowed in a 12(b)(6) motion. In fact, the cited law states in pertinent part that "A defense under this section is in addition to any other defense, immunity, or limitation of liability provided by law." Tex. Civ. Prac. & Rem. Code §74.155(f). If Defendant Pine Arbor wishes to assert this law, it must do so in the proper vehicle and not in a 12(b)(6) motion.

52. In the alternative, Plaintiffs assert it is no defense for at least two reasons.

53. First, the new law concerns medical malpractice cases under Tex. Civ. Prac. & Rem. Code § 74.351. Note that Tex. Civ. Prac. & Rem. Code §74.155(g)(1) refers to that provision of law when indicating the timing under which the defense can be asserted.

54. In this case, Plaintiff has made no assertions or claims under that Tex. Civ. Prac. & Rem. Code § 74.351. This complaint does not assert a health care claim, but a claim for breach of contract and mental anguish, a claim under the Americans with Disabilities Act, a claim under various administrative provisions governing the rights of nursing home patients, and a tort for intentional infliction of emotional distress. As such, the recently enacted legislation does not apply to this Complaint.

55. Secondly, if the new statute does apply or is interpreted by this Court to extinguish Plaintiffs' claims, then Plaintiffs assert that the new law is impermissibly retroactive under the Texas Constitution.[2]

56. Defendant's asserted defense under the new law is not applicable and Plaintiff's claims should stand.

## INCORPORATION OF MOTION FOR LEAVE

57. Plaintiffs have filed a concurrent *Plaintiffs' Motion for Leave to Amend Complaint, Rejoin the State of Texas as a Defendant, and Amend Scheduling Order* concurrent with this response, and which is incorporated by reference.

---

[22] Plaintiffs have filed a motion for leave to file an amended answer and seek a declaration that the law is unconstitutional based on the reasoning from *Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 45 (Texas 2014) (instructing that adjudication of challenges to retroactive laws based on article I, section 16 of the Texas Constitution, "*courts must consider three factors in light of the prohibition's dual objectives: the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings; the nature of the prior right impaired by the statute; and the extent of the impairment.* The perceived public advantage of a retroactive law is not simply to be balanced against its relatively small impact on private interests, or the prohibition would be deprived of most of its force. There must be a compelling public interest to overcome the heavy presumption against [the validity of] retroactive laws.")

## PRAYER

Plaintiffs Wanda Webb and Estate of Leland Webb pray that this Honorable Court deny Defendants' Motion to Dismiss, and for all other relief, both general and special, at law and in equity, to which they justly may be entitled.

Respectfully submitted July 27, 2021,

> By: /s/Warren V. Norred
> **NORRED LAW, PLLC**
> Warren V. Norred, Texas Bar No. 24045094
> wnorred@norredlaw.com
> 515 E. Border, Arlington, TX 76010
> O. (817) 704-3984, F. (817) 524-6686

**CERTIFICATE OF SERVICE** - I hereby certify that a true and correct copy of the foregoing has been served on all parties seeking service in the instant case via the Court's e-file system on July 27, 2021.

/s/Warren V. Norred
Warren Norred, Texas Bar No. 24045094