IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MARCY RENNEBERG, ALINE RENNEBERG, WANDA WEBB, AND LELAND WEBB,<br>　　*Plaintiffs*,<br><br>v.<br><br>PINE ARBOR AND SAN GABRIEL REHABILITATION AND CARE CENTER SOUTH,<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§　CAUSE NO. 1:21-cv-00142-JRN<br>§<br>§<br>§<br>§<br>§ |

<u>DEFENDANT PINE ARBOR'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT, REJOIN THE STATE OF TEXAS AS A DEFENDANT, AND AMEND SCHEDULING ORDER</u>

**SUMMARY AND REQUEST FOR RELIEF**

Pine Arbor has two responses to the requests made in the motion: *First*, Pine Arbor asks the Court to not consider the motion seeking leave to add a new claim and a new defendant until after this Honorable Court rules upon Pine Arbor's pending motion to dismiss all claims against it.  If the Court determines that the claims against Pine Arbor should be dismissed for lack of jurisdiction, then Pine Arbor should be dismissed from the case without the Court even needing to consider the applicability of newly enacted section 74.155 of the Civil Practice and Remedies Code. *Second*, even if the Webbs' case against Pine Arbor is not dismissed in its entirety, there would still be no need for a continuance of the scheduling order deadlines. Rather, the applicability of section 74.155 to this case could be determined through dispositive motions, the deadline for which is still more than five months away.

**ARGUMENT AND AUTHORITIES**

I. **CONSIDERATION OF PLAINTIFFS' MOTION IS PREMATURE WHILE PINE ARBOR'S MOTION TO DISMISS ALL CLAIMS AGAINST IT IS PENDING**

Pine Arbor seeks dismissal of all claims against it on numerous grounds, including several that challenge (on mootness and standing) whether the Court has jurisdiction over those claims. *See* Pine Arbor Motion to Dismiss, ECF No. 20 at 5-7 (jurisdictional grounds warranting dismissal of claims against Pine Arbor); *id.* at 7-10 (additional bases for dismissing the claims against Pine Arbor). Unless Plaintiffs can establish that the Court has subject-matter jurisdiction over the claims asserted against Pine Arbor, those claims must be dismissed. Thus, the significant jurisdictional

issues present in this case should be resolved before the Court considers whether to proceed any further with respect to Plaintiffs' request to add a claim and a defendant.

Moreover, Pine Arbor's motion to dismiss demonstrates five additional non-jurisdictional grounds warranting dismissal of the case against Pine Arbor that are unrelated to new section 74.155 of the Civil Practice and Remedies Code. *Id.* at 7-9. Although these issues are non-jurisdictional, Pine Arbor requests that the address them before considering Plaintiffs new motion for leave because if the Court agrees that any of those grounds warrant dismissing the claims against Pine Arbor, then there would be no need for the Court to address the applicability of that new statute to Pine Arbor (and to address the statute's constitutionality anyway would constitute an advisory opinion, *see In re Franchise Services*, 891 F.3d 198, 205 (5th Cir. 2018); *Texas v. Travis Cty.*, 272 F. Supp.3d 973, 980 (W.D. Tex. 2017)).

The applicability of Civil Practice and Remedies Code section 74.155 to the case against Pine Arbor *only* comes into play if the claims against Pine Arbor can survive *all* of the other grounds for dismissal. Accordingly, Pine Arbor requests that the Court decide the motion to dismiss before it considers Plaintiffs' motion for leave to file an amended complaint and add a new defendant.

II. NO AMENDMENT TO THE SCHEDULING ORDER WOULD BE WARRANTED, EVEN IF THE COURT ULTIMATELY GRANTS PLAINTIFFS LEAVE TO AMEND THE COMPLAINT

In the event that any of the Webbs' claims survive the motion to dismiss and the Court subsequently determines that amendment of Plaintiffs' complaint is warranted, the Court's existing scheduling order should remain in place.

Pine Arbor has asserted that section 74.155 of the Civil Practice and Remedies Code precludes any claim or recovery by the Webbs. ECF No. 20 at 10. In response, Plaintiffs suggest that section 74.155 is unconstitutional. Plaintiffs' Motion for Leave to Amend, ECF No. 21 at 1. These are legal questions that should require little factual development for the Court to answer. And, in any event, discovery in this case has just begun. Ultimately, if the case proceeds and section 74.155 becomes a part of this litigation, the legal questions surrounding that provision should be determined by the Court through the parties' various dispositive motions. The deadline for dispositive motions is January 7, 2022, more than five months away. Scheduling Order, ECF No. 14 at 3. There is more than sufficient time to litigate any issues related to section 74.155 within the parameters of the Court's existing scheduling order.

## Conclusion

Pine Arbor requests that the Court decide the pending motion to dismiss all claims against Pine Arbor before addressing Plaintiffs' motion for leave to amend. And even if claims against Pine Arbor survive the motion to dismiss, and the Court determines that Plaintiffs should be permitted leave to amend their complaint, the Court's existing scheduling order and trial date should remain in place.

3

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: */s/ Matt Dow*
  Matt Dow
  State Bar No. 06066500
  *mdow@jw.com*
  Adam W. Aston
  State Bar No. 24045423
  *aaston@jw.com*
  100 Congress Ave., Suite 1100
  Austin, Texas 78701
  [Tel.] (512) 236-2056
  [Fax] (512) 691-4456

  COUNSEL FOR DEFENDANT
  PINE ARBOR

**CERTIFICATE OF SERVICE**

This is to certify that on August 3, 2021, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

  */s/ Matt Dow*
  Matt Dow